May it please the Court, Lawrence Weinhold from Weinstein and Reilly appearing on behalf of USAA Federal Savings Bank, if I may have five minutes for rebuttal, please. Our position, Your Honor, for the Court is that... Can I ask you a question? Yes. This thing gets kind of complicated, but... This... What's the bankrupt's name again? The bankrupt's name? Oh, um... Taylor, Taylor, the Taylors. What? The Taylors? The Taylors, yeah. The Taylors, they've got to be connected with the military, otherwise they wouldn't be able to get USAA loans, is that right? Correct, there is some involvement of some sort. Yeah, there has to be, yeah. So, they go in there and they borrow $18,020, and that's a loan on this new Toyota, and then they declare bankruptcy about a month later. But USAA didn't perfect that security interest, right? Correct. So, they lost their security interest. Correct. Right, and now he's got the car. Yes. And so, he owes them $18,000, right? In the context of pre-bankruptcy? He owes USAA $18,000. Yes. That debt isn't wiped out. And once he declares bankruptcy, the car becomes an asset of the bankruptcy estate. Yes. All right. Now, but then he continues to make the payments on it, didn't he? That's what I understand. USAA, he made the monthly payments. My understanding was that that was admitted through requests for admissions that were not responded to, but it was also my understanding that those were to be withdrawn because they were sent to the old address for the law firm. Well, forget about that. All right. So, he goes into bankruptcy. Now, the car becomes an asset of the estate. Yes. And USAA is an unsecured creditor. Yes. And so, they get in line with everybody else. Yes. So, what is it that USAA wants? We don't want to have to buy the car from the bankruptcy estate. And loan another $18,020. Yes. You figure one bad loan for $18,020 is enough. You don't have to make a second loan and get an interest which has already been found not to be perfected. Correct. Okay. So, why don't we hear from the other side? May I please go to Tom Stilley? I represent the trustee in bankruptcy. Pull it down a little bit. Please. That's kind of a misconception of what's worked. What colors are those that you have on your tie? Purple and gold? Well, I went to the University of Texas, Your Honor. This actually is probably Notre Dame or something. Okay. All right. Because I thought it was Berkeley. It could be Berkeley. That would work. But they don't have purple. They have blue. Correct. Okay.  Let me see if I can kind of explain the facts here and how we got to this point. No, don't explain the facts. Tell us how you end up getting another $18,000. I don't. It's not a double recovery, Your Honor. Well, why is it? Here's what's happened is the bankruptcy court found that the lien was avoidable. Okay. But the problem was it took us two years to get to that point. When the bankruptcy case was filed, the trustee made demand on USAA for avoidance of the security interest. If they had just agreed to that at that point in time, we would have been okay. But they insisted that they litigate whether the security interest was avoidable. So we didn't get a judgment in this case for two years. During that two-year period of time, the debtors continued to make all their payments to USAA. Yeah. During that time, the collateral, the car value, decreased. Yeah, $4,000. So at the time of the hearing on summary judgment, the car was only worth about $14,000. Yeah. Whereas if we had gotten things at the start of the case, we would have gotten $18,000. So if the bank gives you back the payments that were made? The bank could. One option the bankruptcy judge did consider was there were two options. There was either just award the trustee a judgment for the entire $18,000. That would allow USAA to keep their lien and collect their payments, and they would receive their whole $18,000. Which they didn't do. Which they're still doing. That's what's happened right now. The judge found the security interest avoidable. But then under 550A of the bankruptcy code, it's a remedy section. And the judge gets a choice. He can either award the avoided security interest, or he can say keep the security interest. I'm going to just give the trustee a judgment for the value. And you just go ahead and work with the debtor. They'll keep their car. They'll keep making their payments. If they ever default, you can exercise your rights to go after the collateral, sell the car, and get your money back. And then you just file a claim in the case for the unsecured amount. And then you receive a pro rata payment with everybody else. Let me ask you this. What is the exempt value of a vehicle these days? In Oregon, Your Honor, this is a Washington case. So in Washington, I believe the value, it's probably in the $4,000 range, but I'm not certain that that's the case. But the debtors, this was a car they didn't claim an exemption in because they had two cars. This one, they thought, was fully encumbered with the lien. Therefore, they claimed the exemption in the other car. They claimed the exemption on the other car. Right. So there was no exemption claimed here. So you're saying to me the bankruptcy judge found the lien was voidable because it wasn't perfected. Correct. Within 20 days. Correct. And then he said one wonderful solution is to say, well, we're going to treat it as if the lien isn't voidable and keep collecting your payments. Which is what 550 allows you to do. And if you look at all the case law, that's what it talks about. As an original question, I mean, I quite agree the bankruptcy is sui generis. But how can a judge out of one side of his mouth say this lien wasn't perfected, but secondly, I'm going to give you judgment as if it were? Because, Your Honor, 550 doesn't work if you do it any other way. Because if you can have it. It does. He says it wasn't perfected. You're a general creditor. But you can't have it. Give back the money that you've gotten under the lien. Well, that was something that was offered as a possible solution to the court was just avoid the lien and then have them pay back whatever payments they received. Isn't that what we should do right now? I don't think that gets the bankruptcy state hold is the whole problem, Your Honor, because. Well, what is it you want? All we want is the bankruptcy state should get $18,000 plus interest from the point in time that the demand was made. That puts the bankruptcy state in the financial position it would have been in had the lien not been on the car. Well, let's go back. You're saying your client should put in $18,000? No, I represent the trustee. The bank should put in the $18,000. And then what the bank should do is continue to collect its payments from the debtor. It will get its full $18,000 back plus interest. So it's made whole. Well, I don't see that. They've already put in $18,000. But, Your Honor, think about it this way. If I loaned you money 30 days before the bankruptcy for $18,000 and then I file bankruptcy. Loan the money to somebody else. Okay. Loan it to somebody and make a loan for $18,000 and then I file bankruptcy 30 days later and it's an unsecured loan. Yeah. You'll get whatever you get, but it might be nothing depending on what the distribution is in the case. Well, I was about to make another $18,000 loan. But you're going to get that $18,000 back from their original transaction. They're not going to lose that $18,000. It's not a double recovery. Just a minute. The way I think all of us see this, the bankruptcy appellate panel has ended up requiring the bank to put up $36,000. It's already put up $18,000. It's got to put up another $18,000 more. It's not going to lose the first $18,000. Why isn't it? Because it's going to get paid back from the debtor or from the car. But it's going to lose the second $18,000. Right, which it should lose because it should be an unsecured creditor for that $18,000. It will get a claim in the case for that $18,000 and then it will receive distributions. Putting up $36,000, is a car worth $4,000? It's ridiculous. No, the car was worth $20,000. Whatever it is, it's a ridiculous result. Your Honor, it's not. It's crazy. It's not. If you really read the BAP opinion, you will see how it's well-reasoned. It makes no sense. It's perfectly well-reasoned. I don't see how this Court can say that. Why does it make sense to make the creditor furnish a total of $36,000 of which can only recover a portion? Because that you would not. What you're saying is that the bank is going to get back its $18,000 because these folks, what are their names again? The Taylors. The Taylors. First of all, they made a down payment and some other stuff. So they've been paying it off. Correct. They want to keep the car. So eventually they'll pay that $18,000 plus interest to – it's not the bank. It's USAA. Whatever USAA is. Okay. And so – But then the bank will still get $18,000 out. Out. Yeah. It should be out $18,000. It should lose the $18,000. It's an unsecured creditor. It has a claim in the case for the – the $18,000 is supposed to pay for the judgment. That's the only $18,000 it's entitled to recover. It should be out one $18,000 but not – It's not going to be out two. It's going to get that first $18,000 back plus its interest from the original transaction. Yeah. Okay. So that's – so we're back to the first question I asked. And that is that when it's all stripped away, when it's all stripped away, the bank is an unsecured creditor. Correct. For $18,000. In the bankruptcy case. Correct. Bankruptcy case. Correct. And it gets in line with the rest of them if there's anything left to distribute. So any way you look at it, the bank is out – USAA is out $18,000 because they were one day late in filing and perfecting their claim. Correct. And they'll receive whatever they receive as an unsecured creditor on that $18,000. Why do they have to take that deal? Why can't they just – Because they don't get the choice. I didn't write the statute. Congress wrote that statute that gives – They don't make the choice. Right. The bankruptcy judge has to make the choice as to whether you just avoid the lien or whether you avoid the value. Now, as Justice said here, if – No, not Justice. Your Honor, I'm sorry. Judge. Judge. Like in Texas, you know, go ahead. You could – the bankruptcy judge, one alternative would have been to say avoid the lien and grant a judgment for the extra $4,000 or whatever in payments that they receive. But he chose not to do that. And it would – and I think the statute gives the bankruptcy judge discretion. It's better for the bankrupt – it's better for the estate. Better for the estate. Because the estate then isn't peddling a car. And they'd be selling the car because these people had two cars. Right. And they got the exemption on the other car. So it's – okay. So it puts the USAA back in the same position it was in when they failed to file on the security interest on – perfected on time. Either way, they're out $18,000. Correct. All right. And one of the criteria for awarding value – Why does it take them all those pages to say that? I don't know, Your Honor. It's lawyers, I guess, having to write for courts. But one thing to point out on that issue is one of the criteria for awarding value under 550 is it's a savings to the bankruptcy estate versus having to go through all this stuff. Under 550, if the judge determines that the interest was not perfected within 20 days, he's saying I've now determined that the interest was not perfected within 20 days. The interest has no value. But it has value in the hands of the secured creditor. But he doesn't because he's just determined that it didn't – wasn't perfected on time. But that – He's trying to say don't try – I mean, come on. He's saying white, and then he's saying black. He's saying it wasn't perfected on time, and now that I've found that it wasn't perfected on time and it wasn't a valid UCC1 interest, I am now awarding it to you. Big deal. Thanks a lot, Judge. Well, no, he doesn't because he – So he's saying, okay, you take – you got – you still got your lien on the – you still got your security interest in the car. These people have been paying it off regularly, and now you would have been out $18,000 because you messed up by one day. So now we're going to give you back your deal the way it was, and you've been getting money on it. And what you – what you now need to do is to put us in the position we would have been at the start, and that is that we could have maybe sold that car for $18,000 or whatever they could have sold it for. I don't know that it's worth $18,000 once you drive it off the lot. And so you give us the money, and you just take your chances with the rest of them. It's like switching around, huh? One unsecured interest for another. Mr. Stille, can I ask you this? Yes, Your Honor. If this is affirmed, can the bank go out and grab the car if a payment is missed? Yes. On what basis? The federal court has already found they don't have a secured interest. No, no, no. That's what's not correct. The judge has not avoided their lien. The lien is still intact. But he's found it is voidable. It's voidable, but he chose not to avoid it. Instead, he's awarding the value, which you have two options. You either take the security interest that's avoidable and give it to the trustee, or you give the trustee the value of that security interest, and you leave the security interest with the secured creditor. That's what the judge chose to do. Okay. You represent the trustee? That's correct. All right. Anything else I can help the court with? Okay. Thank you. All right. So there we are. If it pleases the court, I think the biggest problem in this case is that there is some absolute, total confusion about what the preference is. The preference was not the vehicle. The preference was not the $18,000. The preference was the granting of the security interest in the vehicle. Yeah. What 550 says is that if you find it to be a preference, you can either restore the property of the estate that was transferred or award the value. As the cases point out quite correctly, when you void the transfer of the security interest, the estate is made whole. If you then, on top of that, award a month. It's not voidable. It's voidable, isn't it? If they find the security interest is voidable, the grant of the security interest is voided, the stick is returned to the bundle of sticks. No, no, no. If they find that it's voidable and then they void it. The estate is made whole. But they haven't voided it. Right. So then you can't get to the second half of 550 because it says, well, there are two reasons. You can't get to the second half because you didn't find the preference. You didn't void the preference. You just went straight to awarding the value of the car, which is totally wrong. The value of the car, the car was never transferred to USAA. So where the $18,000 comes, it comes from the value of the car, not from the value of the security interest. Two things. Number one, I think it's a matter of law, not a question of fact, but a matter of law. A security interest that isn't supported by an underlying note, just like a mortgage that isn't supported by a note, is totally worthless because you can't do anything with it. It has absolutely no value in law. Well, they went in there and they got the money. They signed a bunch of papers, didn't they, when they got the loan? The debtors got cash, yes. There was a transfer of cash to purchase the vehicle. They signed some papers. Correct. That gave USAA the security interest. Yes. They were supposed to perfect that. Correct. But they didn't. Correct. Since they got money during a certain period of time, that's a preference. No. The money is not the preference. What's the preference? The grant of the security interest in the car. The stick. They gave them the stick. Okay. The security interest doesn't make any difference. Oh, no. I vehemently disagree. It makes all the difference in the world because that's what the Georgia cases say and that's what the UCC says. A security interest is just a contingent interest to take possession of the vehicle upon default. It lets you take possession of it without breach of the peace and sell it. How do the bankruptcy rules cut across all of this? It cuts across it, but it doesn't change what it is. It doesn't change the nature of the security interest. And that's what the Georgia cases say is that when you void the security interest. Georgia cases. They're from the middle district. The cases I cited in the brief about when you void, if the preference is the grants, if you don't properly perfect the security interest and you void the security interest, when you void the security interest, the preference is returned to the estate because the transfer is undone and the estate is in the position it would have been in had the transfer not occurred, which is what the preference is supposed to do. That's the difference. There's no money. There shouldn't be any talk about $18,000 at all because that's not the preference. The preference was the granting of the security interest. What do you do about the payments that have been made? Can they be recovered for the estate? The bankruptcy code provides, well, first of all, we disputed, you know, like I said, that payments were actually made because they, in reality, aren't current. I assume some were made. They could be recovered, couldn't they? Not if they were made with post-petition income and assets. Oh, I see. Only if the assets that were transferred by the debtor were pre-petition could the trustee have filed a supplemental pleading to recover the transfers. The problem, I mean, the problem in this case is that in thousands of cases across the country. What do you want? We just want him to void the security interest. Period. Period. And you'll be a general debtor as the $18,000? Well, but we can't, no, because it was a preference, we can't file a proof of claim. So we can't, we're out. We can't recover from the bankruptcy estate because it's a preference. Not even as a general debtor? No, we can't file a proof of claim. Okay, so you want him to, say it again, you want him to what? Void the security interest as a preference. So they void the security interest. Yes. And then your client just walks away from it. The car is property. Because there's nothing there anyway. Pardon? Your client walks away with it, and then the trustee then can grab the car and sell it. And whatever they sell it for goes into the estate for the benefit of the other unsecured creditors. Yes. And also they can petition to have you return the payments made by pre-petition money. Yeah, if you can show payments were made and the payments were from property of the estate, as opposed to post-petition revenues, then that could be recovered in a supplemental pleading. Did you argue this case in the, for the bankruptcy? Yes. What? Yes, Your Honor, I did. Your case makes perfect sense, but what still troubles me is that was a very good panel, the BAPT, and they say this is a common case. How could they be so stupid just to come out the way they did? My opinion is that bankruptcy judges do very, very well in bankruptcy issues. When you get out of the bankruptcy code and you get into Article 9 or Article 2 of the UCC, they get confused. I don't think so. They're confused. What confused them here? I think the fact that he didn't set aside the security interest. Well, there are two things that confused them. I think that they got hung up on this $18,000, which isn't the preference. The preference is just the security interest. And I think they got hung up on that. But I don't know. To be honest, I don't understand it. I really don't, which is why, in all honesty, I am absolutely done with BAPTs. I am never going back. And this isn't just this circuit. I've done it in a couple other circuits. I am absolutely done with bankruptcy appellate panels. I am never going back. Let me ask you this one thing. You want us to reverse with instructions to enter a judgment of what? That the granting of the security interest was a preference and the preference is set aside. Period. Period. And that the property is property of the estate and the trustee can liquidate it in any way under the bankruptcy code. See, that's the other thing. In 99.99% of these cases, the trustee grabs the car and sells it. If we have a lien, then our security interest attaches to the proceeds and we get the money back from the sale. And if we don't, the estate gets the sale. So your client goofed and so why shouldn't your client face the consequences? We did. We lost $18,000 that we can't recover. Well, he doesn't want to lose $36,000. Correct. I don't want to have to buy the car because we – I don't want to be the one who has to buy the car from the estate because we didn't properly perfect the security. Yeah, but then you've been – are you telling us that USA has not received any payments on this? I am representing to you as an officer of this court that I talked to them about it and they did not receive any post-petition payments from the debtors. The way that got into the record was requests for admissions were served, the law firm moved, and they went to the old address so they didn't respond to it within the time permitted by the rules. So that's where that crept into the record. But you collect from the law firm too, right? Well, it's us. We're the law firm. Oh, okay. So you're defending your own case. I'm not sure. Sure. But shouldn't we order the pre-petition payments also given back to the trustee? Right. Any payments made to USAA within the 90 days would be a preference too. I'm not sure that there were, but if they were, then yes, that should be returned to the estate as well. But where did the payments come from? Well, I assume the debtor, but the problem is – and I run into this all the time with credit card payments and non-discharge cases – nobody knows where the money comes from. The money is paid and it's electronically credited to an account. But if you said who gave you that money, a lot of times they can't go back and trace where the money is, but I assume it's from the debtor. You think it's a credit card? No, no, I'm just saying that now in the electronic age it isn't like in years ago when you wrote a check and you had your check and they all came back to you from the bank and you could pull out the one and say, this is what I paid. It isn't like that anymore. That's a fascinating case. Thank you all. All right, the matter will stand submitted. And that will recess until 9 a.m. tomorrow morning. Thank you. Thank you very much. All rise.
judges: Pregerson, Noonan, Bea